UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARTIN J. MASON,<br><br>               Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>               Defendant. | CASE NO. 13-cv-5724-JRC<br><br>ORDER ON PLAINTIFF'S CONTESTED MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 5; Consent to Proceed Before a United States Magistrate Judge, ECF No. 6).

This matter comes before the Court on plaintiff's contested motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (hereinafter "EAJA") (*see* ECF Nos. 25, 26, 27; *see also* ECF Nos. 28, 29).

Subsequent to plaintiff's success at obtaining a reversal of the decision of the Social Security Administration, defendant Acting Commissioner challenged plaintiff's request for statutory attorney's fees on the grounds that defendant's position in this matter was justified in substance and had a reasonable basis in fact and law.

Because this Court disagrees, and because the requested fees are reasonable, plaintiff's motion for statutory fees is granted.

## BACKGROUND and PROCEDURAL HISTORY

On June 10, 2014, this Court issued an Order reversing and remanding this matter to the Administration for further consideration (*see* ECF No. 23, 24).

The Court found that the ALJ erred when he failed to ask the vocational expert ("VE") about inconsistencies regarding other jobs that plaintiff could perform in the national economy (*see id.*, pp. 2, 12-14). This matter was reversed pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration due to this harmful error (*see id.*).

Subsequently, plaintiff filed a motion for EAJA attorney's fees, to which defendant objected (*see* ECF Nos. 25-28). Defendant contends that although the Agency did not prevail, "the underlying Agency action and the Commissioner's position had a reasonable basis in law and fact" (ECF No. 28, p. 3). Plaintiff has filed a reply (*see* ECF No. 29).

## STANDARD OF REVIEW

In any action brought by or against the United States, the EAJA requires that "a court shall award to a prevailing party other than the United States fees and other expenses . . . . unless the court finds that the position of the United States was

substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

According to the United States Supreme Court, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The government has the burden of proving that its positions overall were substantially justified. *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010), *cert. denied*, 179 L.Ed.2d 1215, 2011 U.S. LEXIS 3726 (U.S. 2011) (*citing Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995)). Further, if the government disputes the reasonableness of the fee, then it also "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted). The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. *See Hensley, supra*, 461 U.S. at 433, 436-37.

DISCUSSION

In this matter, plaintiff clearly was the prevailing party because he received a remand of the matter to the administration for further consideration (*see* Order on Complaint, ECF No. 23). In order to award a prevailing plaintiff attorney fees, the EAJA also requires a finding that the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B).

The Court notes that even though the Administration did not prevail on the merits, this does not compel the conclusion that its position was not substantially justified. *See Kali v. Bowen*, 854 F.2d 329, 334 (9th Cir. 1988)) (*citing Oregon Envtl. Council v. Kunzman*, 817 F.2d 484, 498 (9th Cir. 1987)). The Court also notes that when determining the issue of substantial justification, the Court reviews only the "issues that led to remand" in determining if an award of fees is appropriate. *See Toebler v. Colvin*, 749 F.3d 830, 834 (9th Cir. 2014)).

The Supreme Court squarely addressed the meaning of the term "substantially justified." *See Pierce v. Underwood*, 487 U.S. 552, 564-68 (1988). The Court concluded that "as between the two commonly used connotations of the word 'substantially,' the one most naturally conveyed by the phrase before us here is not 'justified to a high degree,' but rather 'justified in substance or in the main' -- that is, justified to a degree that could satisfy a reasonable person." *Id.* at 565. The Court continued, noting that the stated definition "is no different from the 'reasonable basis both in law and fact' formulation adopted by the Ninth Circuit and the vast majority of other Courts of Appeals that have addressed this issue." *Id.* (citations omitted).

In addition, as stated by the Ninth Circuit, a "substantially justified position must have a reasonable basis both in law and fact." *Guiterrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (*citing Pierce v. Underwood*, *supra*, 487 U.S. at 565; *Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995)). The Court is to focus on whether or not the Administration was substantially justified in taking its original action; and, in defending the validity of the action in court. *Id.* at 1259 (*citing Kali*, *supra*, 854 F.2d at 332).

ORDER ON PLAINTIFF'S CONTESTED MOTION
FOR ATTORNEY'S FEES PURSUANT TO THE
EQUAL ACCESS TO JUSTICE ACT - 4

However, "if 'the government's underlying position was not substantially justified,'" the Court must award fees and does not have to address whether or not the government's litigation position was justified. *See Toebler*, *supra*, 749 F.3d at 832 (*quoting Meier v. Colvin,* 727 F.3d 867, 872 (9th Cir. 2013)).

In this matter, the Court was "not convinced that one who is limited to simple, routine tasks nevertheless can perform tasks requiring the ability to carry out detailed but uninvolved written or oral instructions" (*see* ECF No. 23, p. 14). It was the ALJ's job in the first instance to resolve this potential inconsistency. As concluded by this Court in its Order, "at step five, the ALJ erred by not inquiring as to whether or not there exists a conflict between the VE's testimony and the DOT" (*see id.*, p. 12). As discussed herein, even if the ALJ's finding had a reasonable basis in fact, it did not have any reasonable basis in law.

As this Court already has explained in its Order reversing and remanding this matter, the ALJ's failure to inquire explicitly regarding potential conflicts between the VE's testimony and the DOT:

> is against the Ninth Circuit's explicit holding that an ALJ may not "rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether or not the testimony conflicts with the Dictionary of Occupational Titles [DOT]." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (*citing* Social Security Ruling, SSR 00-4p, available at 2000 SSR LEXIS 8). The court noted that "SSR 00–4p . . . provides that the adjudicator "*will* ask" the vocational expert 'if the evidence he or she has provided' is consistent with the *Dictionary of Occupational Titles* and obtain a reasonable explanation for any apparent conflict." *Id.* at 1152-53.   The court reasoned that:
>> The procedural requirements of SSR 00–4p ensure that the record is clear as to why an ALJ relied on a vocational

> expert's testimony, particularly in cases where the expert's testimony conflicts with the *Dictionary of Occupational Titles*. In making disability determinations, the Social Security Administration relies primarily on the *Dictionary of Occupational Titles* for "information about the requirements of work in the national economy." The Social Security Administration also uses testimony from vocational experts to obtain occupational evidence. Although evidence provided by a vocational expert "generally should be consistent" with the *Dictionary of Occupational Titles,* "[n]either the [*Dictionary of Occupational Titles*] nor the [vocational expert] ... evidence automatically 'trumps' when there is a conflict." Thus, the ALJ must first determine whether a conflict exists. If it does, the ALJ must then determine whether the vocational expert's explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the *Dictionary of Occupational Titles.*

*Id.* at 1153 (footnotes omitted).

> The court noted that in "so holding, we join the Third, Seventh, and Tenth Circuits [and] We also follow our own precedent." *Id.* at 1152 (citations omitted).

(ECF No. 23, pp. 12-13).

Therefore, the Court now concludes that there exists no reasonable basis in law for the ALJ's failure to ask the VE if a conflict exists between the VE's testimony and the DOT. Relying on a VE's testimony without explicitly asking the VE whether or not there is a conflict is against the Ninth Circuit's explicit holding that an ALJ may not "rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether or not the testimony conflicts with the Dictionary of Occupational Titles [DOT]." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (*citing* Social Security Ruling, SSR 00-4p, available at 2000 SSR LEXIS 8). Doing so goes against

Ninth Circuit precedent, as well as Social Security Ruling SSR 00-4p, and hence, has no reasonable basis in law.

Although defendant discusses again arguments regarding the merits of the underlying matter, the Court concludes that an ALJ's blanket assumption that all of a VE's future testimony will be consistent with the DOT unless the VE indicates otherwise is not the same thing as explicitly *asking* the VE whether or not the VE's specific testimony that plaintiff can perform a particular job is consistent with the DOT requirements for that job.

Before the VE was asked any hypothetical questions, the ALJ made the following statement: "I'm going to assume that your testimony is going to be based on your knowledge, education, training, experience and consistent with the DOT, unless you specifically tell me otherwise. Okay?" (Tr. 86-87). Regarding this introduction to the VE testimony, the Court agrees with the following argument by plaintiff:

> This broad-brush, catch-all type preamble to the VE's testimony does not comport with the spirit of Social Security Ruling 00-4p, which specifically requires that the ALJ both identify and explain conflicts in the vocational evidence. By lumping the DOT consistency issues together with the VE certification that she has the requisite knowledge, education, training and expertise to be there, the duty to identify conflicts becomes mired in boilerplate.
>     Further, the fact that the ALJ made the statement before the VE testified does not comport with the actual language of the ruling, which requires the ALJ to: "ask the VE or VS if the evidence he or she <u>has provided</u> conflicts with information provided in the DOT." SSR 00-4p, 2000 LEXIS 8 at *9 [emphasis added in plaintiff's brief]. While it may seem like splitting hairs to require the SSR 00-4p inquiry to occur after the VE provides her evidence, this is the only way the VE can respond specifically, rather than in the abstract. She would not know if there are any conflicts before she has provided the testimony that might contain the conflict.

(Reply, ECF No. 29, p. 2).

Defendant argues that "it was reasonable for the ALJ to rely on his general inquiry into the existence of conflicts between the VE's testimony and the DOT because it was reasonable to conclude that no apparent conflict existed between the VE's testimony and the DOT" (*see* ECF No. 28, p. 3). However, even if the ALJ assumed that no apparent conflict existed, the ALJ still had an affirmative duty to ask the VE on the record whether or not the VE held the opinion that any conflict existed. According to the Social Security Administration's Ruling, SSR 00-4p, "the adjudicator has an affirmative responsibility to ask about any potential conflict between that VE or VS evidence and information provided in the DOT." SSR 00-4p, 2000 LEXIS 8 at *9. Therefore, defendant's argument contradicts the Administration's own Ruling. *See id.*

As noted by the Ninth Circuit, "SSR 00–4p . . . provides that the adjudicator "*will* ask" the vocational expert 'if the evidence he or she has provided' is consistent with the *Dictionary of Occupational Titles* and obtain a reasonable explanation for any apparent conflict." *Massachi*, *supra,* 486 F.3d at 1152-53 (emphasis in original). Furthermore, according to this Social Security Ruling, at the hearing, "as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency." SSR 00-4p, available at 2000 SSR LEXIS 8, at *5. Here, the ALJ made no such inquiry of the VE, but instead informed the VE in the abstract that he was going to make assumptions.

ORDER ON PLAINTIFF'S CONTESTED MOTION
FOR ATTORNEY'S FEES PURSUANT TO THE
EQUAL ACCESS TO JUSTICE ACT - 8

The Court also notes plaintiff's arguments that "[t]he burden is on the Commissioner to demonstrate substantial justification, and: It will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed" (ECF No. 29, p. 1 (*quoting Meier, supra*, 727 F.3d at 872 (*quoting Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005))); *see also Hardisty*, 592 F.3d at 1076 n.2.

Importantly, in this matter, plaintiff's RFC as determined by the ALJ contained a limitation to simple, routine tasks (*see* Tr. 25). And, the jobs identified by the VE required the ability to perform at a reasoning level of two and defendant has conceded that the DOT defines jobs requiring reasoning level of two as requiring the ability to apply commonsense understanding to carry out detailed instructions (*see* ECF No. 21, p. 13). A limitation to simple, routine tasks may be inconsistent with a requirement to carry out detailed instructions. Hence, the testimony of the VE that one with plaintiff's limitations could perform the identified jobs may be inconsistent with the DOT. Such potential inconsistency requires resolution on the record and in the written decision. *See Massachi*, *supra,* 486 F.3d at 1152-53; SSR 00-4p, available at 2000 SSR LEXIS 8, at *5.

The Court concludes that with respect to the ALJ's decision regarding the conclusive issue herein, the Administration's position was not substantially justified.

The Court also concludes that there are no special circumstances which render an EAJA award in this matter unjust.

ORDER ON PLAINTIFF'S CONTESTED MOTION
FOR ATTORNEY'S FEES PURSUANT TO THE
EQUAL ACCESS TO JUSTICE ACT - 9

1   Therefore, all that remains is to determine the amount of a reasonable fee. *See* 28
2   U.S.C. § 2412(b); *Hensley, supra*, 461 U.S. at 433, 436-37.

3   Once the court determines that a plaintiff is entitled to a reasonable fee, "the
4   amount of the fee, of course, must be determined on the facts of each case." *Hensley,
5   supra*, 461 U.S. at 429, 433 n.7. According to the U.S. Supreme Court, "the most useful
6   starting point for determining the amount of a reasonable fee is the number of hours
7   reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley,
8   supra*, 461 U.S. at 433.

9   Here, plaintiff prevailed on the single claim of whether or not the denial of his
10  social security application was based on substantial evidence in the record as a whole and
11  not based on harmful legal error. When the case involves a "common core of facts or will
12  be based on related legal theories . . . . the district court should focus on the
13  significance of the overall relief obtained by the plaintiff in relation to the hours
14  reasonably expended on the litigation." *See Hensley, supra*, 461 U.S. at 435.

15  Plaintiff's overall relief is good, as he received a remand of this matter to the
16  Administration and will receive a new decision. Therefore, the Court will look to "the
17  hours reasonably expended on the litigation," which, when combined with the reasonable
18  hourly rate, encompasses the lodestar. *See Hensley, supra*, 461 U.S. at 435. Other
19  relevant factors identified in *Johnson, supra*, 488 F.2d at 717-19 "usually are subsumed

within the initial calculation of hours reasonably expended at a reasonably hourly rate."[1]

*See Hensley, supra*, 461 U.S. at 434 n.9 (other citation omitted); *see also Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (adopting *Johnson* factors); *Stevens v. Safeway*, 2008 U.S. Dist. LEXIS 17119 at *40-*41 (C.D. Cal. 2008) ("A court employing th[e *Hensley* lodestar method of the hours reasonably expended multiplied by a reasonable hourly rate] to determine the amount of an attorney's fees award does not directly consider the multi-factor test developed in *Johnson*, *supra*, 488 F.2d at 717-19, and *Kerr*, *supra*, 526 F.2d at 69-70"); *but see Goodwin v. Astrue*, 2012 U.S. Dist. LEXIS 97651 at *10-*12, *14-*20 (W.D. Wash. 2012) (applying *Johnson* factors), *adopted by* 2012 U.S. Dist. LEXIS 97650 (W.D. Wash. 2012). These guidelines are consistent with Washington Rules of Professional Conduct 1.5.

The Court notes plaintiff's reference to the fact that the fees requested "are based on the actual time expended by [plaintiff's] attorney, with purely administrative tasks performed at no charge" (*see* Reply, ECF No. 27, p. 5). The Court also notes that fees for only 26.5 hours are requested in this case; these hours are not a large amount of hours for a Social Security case.

---

[1] The *Johnson* factors are: (1) The time and labor involved; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent: (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10); the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson, supra*, 488 F.2d at 717-19) (citations omitted); *see also United States v.Guerette*, 2011 U.S. Dist. LEXIS 21457 at *4-*5 (D. Hi 2011) ("factors one through five have been subsumed" in the determination of a number of hours reasonably expended multiplied by a reasonable rate); *but see City of Burlington v. Dague*, 505 U.S. 557 (1992) (rejecting factor 6 of contingent nature of the fee).

ORDER ON PLAINTIFF'S CONTESTED MOTION
FOR ATTORNEY'S FEES PURSUANT TO THE
EQUAL ACCESS TO JUSTICE ACT - 11

Given the facts and circumstances of the matter herein, and based on the briefing, declarations and attorney time sheet, the Court concludes that the amount of time incurred by plaintiff's attorney in this matter is reasonable.

Specifically, following a review of plaintiff's request, the Court finds reasonable plaintiff's request for expenses in the amount of $18.93 and for attorney's fees in the amount of $4,956.03, representing 26.50 hours of work, for a total award of $4,974.96.

## CONCLUSION

Plaintiff's request for $18.93 in expenses is granted.

Plaintiff shall be awarded $4,956.03 in attorney's fees, representing 26.50 hours of work, for a total award of $4,974.96, pursuant to the EAJA and consistent with *Astrue v. Ratliff*, 130 S. Ct. 2521, 2524, 2010 U.S. LEXIS 4763 at ***6-***7 (2010).

Plaintiff's award is subject to any offset allowed pursuant to the Department of Treasury's Offset Program. *See id.* at 2528. Any check for EAJA fees and expenses shall be mailed to plaintiff's counsel at Maddox & Laffoon, P.S., 410-A South Capitol Way, Olympia, WA 98501.

Dated this 2nd day of October, 2014.

_____
J. Richard Creatura
United States Magistrate Judge